**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Santos Mejia-Pablo,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05939-PHX-DMF

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) The Petition requests immediate release as its primary relief and, in the alternative, a bond hearing. (Doc. 1 at ¶ 50(a)-(b).) The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 6.) In their one-paragraph Response, Respondents state: "The Department of Homeland Security has already scheduled Petitioner for a bond hearing, with a hearing date of Tuesday, September 1, 2026. Respondents therefore do not oppose the Petition." (Doc. 9 at 1.)

In his Reply, Petitioner asserts that Respondents' non-opposition reaches the Petition in its entirety, including his request for immediate release. (Doc. 10 at 1-2.) The Court agrees that the Petition should be granted. Respondents were required "to show cause why the writ should not be granted," 28 U.S.C. § 2243, and have identified no factual or legal basis for Petitioner's continued detention. The Court finds that Respondents have not met that burden and construes their non-opposition (Doc. 9) as a concession to release. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer

any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [Petitioner] raised."); *Chengxian Chen v. Lyons*, No. 5:26-cv-04053-MBK, 2026 WL 2280792, at *2 (C.D. Cal. Aug. 4, 2026) ("Respondent's failure to meaningfully contest Petitioner's due process claims in their Answer is a concession that the Petition should be granted."); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *2 (C.D. Cal. July 27, 2026) (stating that "the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted"); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition and ordering release after finding that by "failing to respond to the claims actually asserted, Respondents have conceded the claims").

Therefore,

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody.

(2) Respondents must immediately release Petitioner from custody.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 28th day of August, 2026.

Deborah M. Fine

Honorable Deborah M. Fine
United States Magistrate Judge